PATRICIA A. O'CONNOR (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

WM 16-260 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DARLENE MELANSON-OLIMPIO and
MICHAEL OLIMPIO,

        **Docket No.:**

        Plaintiff,

      -against-

        **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LP,

        Defendant.
-------------------------------------------------------------------X

## TO THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK:

    Defendant, WAL-MART STORES EAST, LP, for the removal of this action from

the Supreme Court of the State of New York, County of ORANGE, to the United States District

Court for the SOUTHERN District of New York, respectfully shows this Honorable Court:

    FIRST:        Defendant, WAL-MART STORES EAST, LP is a defendant in a Civil

action brought against it in the Supreme Court of the State of New York, County of ORANGE,

entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
DARLENE MELANSON-OLIMPIO and                    **Index No.: 004389/16**
MICHAEL OLIMPIO,

Plaintiffs,

-against-

NEWBURGH WAL-MART SUPERCENTER STORE
NUMBER 2104, WAL-MART STORES EAST, LP,
WAL-MART REALTY COMPANY, WAL-MART
STORES, INC. and WAL-MART ASSOCIATES, INC.,

Defendants.
-------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are annexed hereto as Exhibit A.

SECOND: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

THIRD:  The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.  On October 10, 2016, plaintiff demanded $350,000.00 to settle this claim.

FOURTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas.  The sole member of both limited liability companies is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas.  It is incorporated in Arkansas and

its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen

of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d

157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the

citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731

(7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has

the citizenship of its members).

FIFTH: That upon information and belief Plaintiff is a citizen of the State of New

York, County of ORANGE.

SIXTH:  In that this action is between citizens of different states and seeks damages

in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446

the case should be removed from the Supreme Court of the State of New York, County of ORANGE

to the United States District Court for the SOUTHERN District of New York.

Dated: Northport, New York
      October 25, 2016

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
      PATRICIA A. O'CONNOR (PO 5645)
      7 Bayview Avenue
      Northport, New York 11768
      (631) 261-7778
      File No.: WM 16-260 PO

TO:    SOBO & SOBO, LLP
       Attorneys for Plaintiffs
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

# Exhibit



FILED: ORANGE COUNTY CLERK 07/07/2016 03:35 PM

NYSCEF DOC. NO. 1

INDEX NO. EF004389-2016

RECEIVED NYSCEF: 07/07/2016

Date of Filing:
Index No.: **2016-**

Plaintiffs hereby designate
*ORANGE COUNTY*
as the place of trial.

The basis of venue is the
"CPLR" at Sec. 503(a).

Plaintiffs resides at:
238 Haven Street
Reading, MA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

DARLENE MELANSON-OLIMPIO and
MICHAEL OLIMPIO,

                                        Plaintiffs,                  **SUMMONS**

        -against-

NEWBURGH WAL-MART SUPERCENTER
STORE NUMBER 2104, WAL-MART STORES
EAST, LP, WAL-MART REALTY COMPANY,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

                                        Defendants.

-----------------------------------------------------------------X

To the above-named defendant(s):

        YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

Dated: July 7, 2016
        Middletown, New York

                                        *Stuart W. Mosbacher, Esq.*
                                        SOBO & SOBO, L.L.P.
                                        Attorneys for Plaintiff(s)
                                        One Dolson Avenue
                                        Middletown, NY  10940
                                        (845) 343-0466

**Defendants' addresses:** See attached Complaint.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------X
DARLENE MELANSON-OLIMPIO and
MICHAEL OLIMPIO,

                        Plaintiffs,

     -against-

NEWBURGH WAL-MART SUPERCENTER
STORE NUMBER 2104, WAL-MART STORES
EAST, LP, WAL-MART REALTY COMPANY,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

                        Defendants.
----------------------------------------------------------------X

*VERIFIED COMPLAINT*

**Index No.: 2016-**

Plaintiffs, by and through their attorneys, *the offices of* **SOBO & SOBO, L.L.P.**, as and for their Verified Complaint against Defendants herein, respectfully set forth and allege the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURY ON BEHALF OF THE PLAINTIFF, DARLENE MELANSON-OLIMPIO

1. That at all times mentioned herein, Plaintiffs were and still are residents of the Town of Reading, County of Middlesex, State of Massachusetts.

2. That at all times mentioned herein, Plaintiffs were married in a duly solemnized proceeding, and they have and continue to hold themselves out to the public as being a married couple.

3. That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, was and still remains a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, was

and still is a foreign corporation duly authorized to do business within the State of New York.

     5.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, was and still is a business entity other than a corporation which has and continues to conduct business operations within the County of Orange, State of New York.

     6.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, has and continues to conduct business operations within the County of Orange, State of New York.

     7.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *owned* a certain commercial department store which was and remains open to the public, and which was and remains commonly known as "Wal-Mart", and which was and remains located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, including the common walkways and entranceways which provided access to said department store and premises, and which shall also be referred to herein as the "subject premises".

     8.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, was the *landlord and lessor* of the aforesaid "subject premises".

9.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, was a *tenant and lessee* at the aforesaid "subject premises".

10.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *occupied* the aforesaid "subject premises".

11.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *used* the aforesaid "subject premises".

12.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *conducted business operations* at the aforesaid "subject premises".

13.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *operated* the aforesaid "subject premises".

14.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *supervised* the aforesaid "subject premises.

15.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *maintained* the aforesaid "subject premises.

16.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *managed* the aforesaid "subject premises".

17.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *controlled* the aforesaid "subject premises".

18.    That at all times hereinafter mentioned and upon information and belief, Defendant, NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, *performed periodic routine and customary inspections, maintenance and repairs* at the aforesaid "subject premises".

19.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, was and still is a domestic corporation which was and remains duly organized and exists pursuant to and by virtue of the laws of the State of New York.

20.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation incorporated in the State of Delaware which was and remains duly authorized to conduct business within the County of Orange, State of New York.

21.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, was and still is a business entity other than a corporation which has and continues to conduct business within the County of Orange, State of New York.

22.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, has and continues to conduct business within the County of Orange, State of New York.

23.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *owned* the aforesaid commercial department store known as "Wal-Mart" which was and remains located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, including the common walkways and entranceways which provided access to said department store and premises, all of which shall also be referred to herein as the "subject premises".

24.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, was the *landlord and lessor* of the aforesaid "subject premises".

25.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, was a *tenant and lessee* at the aforesaid "subject premises".

26.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *occupied* the aforesaid "subject premises".

27.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *used* the aforesaid "subject premises".

28.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *conducted business operations* at the aforesaid "subject premises".

29.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *operated* the aforesaid "subject premises".

30.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *supervised* the aforesaid "subject premises.

31.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *maintained* the aforesaid "subject premises.

32.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *managed* the aforesaid "subject premises".

33.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *controlled* the aforesaid "subject premises".

34.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES EAST, LP, *performed periodic routine and customary inspections, maintenance and repairs* at the aforesaid "subject premises".

35.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, was and still is a domestic corporation which was and remains duly organized and exists pursuant to and by virtue of the laws of the State of New York.

36.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, was and still is a foreign corporation incorporated in the State of Delaware which was and remains duly authorized to conduct business within the County of Orange, State of New York.

37.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, was and still is a business entity other than a corporation which has and continues to conduct business within the County of Orange, State of New York.

38.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, has and continues to conduct business within the County of Orange, State of New York.

39.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *owned* the aforesaid commercial department store known as "Wal-Mart" which was and remains located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, including the common walkways and entranceways which provided access to said department store and premises, all of which shall also be referred to herein as the "subject premises".

40.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, was the *landlord and lessor* of the aforesaid "subject premises".

41.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, was a *tenant and lessee* at the aforesaid "subject premises".

42.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *occupied* the aforesaid "subject premises".

43.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *used* the aforesaid "subject premises".

44.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *conducted business operations* at the aforesaid "subject premises".

45.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *operated* the aforesaid "subject premises".

46.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *supervised* the aforesaid "subject premises.

47.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *maintained* the aforesaid "subject premises.

48.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *managed* the aforesaid "subject premises".

49.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *controlled* the aforesaid "subject premises".

50.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART REALTY COMPANY, *performed periodic routine and customary inspections, maintenance and repairs* at the aforesaid "subject premises".

51.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., was and still is a domestic corporation which was and remains duly organized and exists pursuant to and by virtue of the laws of the State of New York.

52.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., was and still is a foreign corporation incorporated in the State of Delaware which was and remains duly authorized to conduct business within the County of Orange, State of New York.

53.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., was and still is a business entity other than a corporation which has and continues to conduct business within the County of Orange, State of New York.

54.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., has and continues to conduct business within the County of Orange, State of New York.

55.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *owned* the aforesaid commercial department store known as "Wal-Mart" which was and remains located at 1201 Route 300, City of Newburgh, County of Orange, State of New York 12550, including the common

walkways and entranceways which provided access to said department store and premises, all of which shall also be referred to herein as the "subject premises".

56.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., was the *landlord and lessor* of the aforesaid "subject premises".

57.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., was a *tenant and lessee* at the aforesaid "subject premises".

58.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *occupied* the aforesaid "subject premises".

59.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *used* the aforesaid "subject premises".

60.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *conducted business operations* at the aforesaid "subject premises".

61.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *operated* the aforesaid "subject premises".

62.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *supervised* the aforesaid "subject premises.

63.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *maintained* the aforesaid "subject premises.

64.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *managed* the aforesaid "subject premises".

65.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *controlled* the aforesaid "subject premises".

66.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART STORES, INC., *performed periodic routine and customary inspections, maintenance and repairs* at the aforesaid "subject premises".

67.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., was and still is a domestic corporation which was and remains duly organized and exists pursuant to and by virtue of the laws of the State of New York.

68.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., was and still is a foreign corporation incorporated in the State of Delaware which was and remains duly authorized to conduct business within the County of Orange, State of New York.

69.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., was and still is a business entity other than a corporation which has and continues to conduct business within the County of Orange, State of New York.

70.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., has and continues to conduct business within the County of Orange, State of New York.

71.    That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *owned* the aforesaid commercial department store known as "Wal-Mart" which was and remains located at 1201 Route

300, City of Newburgh, County of Orange, State of New York 12550, including the common walkways and entranceways which provided access to said department store, all of which shall also be referred to herein as the "subject premises".

72.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., was the *landlord and lessor* of the aforesaid "subject premises".

73.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., was a *tenant and lessee* at the aforesaid "subject premises".

74.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *occupied* the aforesaid "subject premises".

75.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *used* the aforesaid "subject premises".

76.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *conducted business operations* at the aforesaid "subject premises".

77.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *operated* the aforesaid "subject premises".

78.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *supervised* the aforesaid "subject premises.

79.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *maintained* the aforesaid "subject premises.

80.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *managed* the aforesaid "subject premises".

81.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *controlled* the aforesaid "subject premises".

82.     That at all times hereinafter mentioned and upon information and belief, Defendant, WAL-MART ASSOCIATES, INC., *performed periodic routine and customary inspections, maintenance and repairs* at the aforesaid "subject premises".

83.     That at all times hereinafter mentioned and on December 6, 2014, at approximately 5:00 P.M., Defendant(s) aforesaid "subject premises" known as a Wal-Mart department store was open for business to the general public.

84.     That at all times hereinafter mentioned and on December 6, 2014, at approximately 5:00 P.M., the injured Plaintiff, DARLENE MELANSON-OLIMPIO, was a lawful customer, shopper, guest and invitee at the Defendant(s) aforesaid "Wal-Mart" department store which has been identified as the aforesaid "subject premises".

85.     That at all times hereinafter mentioned, on or about December 6, 2014, at approximately 5:00 P.M. or thereabouts, and while the injured Plaintiff, DARLENE MELANSON-OLIMPIO, was lawfully, safely and properly walking inside and within Defendant(s) Wal-Mart department set forth herein as the aforesaid "subject premises",

and as she was crossing an area where the floor surface transitions from first brown colored commercial quality rectangular shaped ceramic tile — next, to a narrow grey colored metal plate/strip which measures approximately four inch wide – then, to a white colored commercial quality grade square linoleum tile, said Plaintiff was suddenly and unexpectedly caused to trip, fall and was violently precipitated to the ground immediately after one of her feet struck a raised portion of said four inch wide metal plate which separates the aforesaid brown ceramic tiles from the white colored square tiles, and as a result and consequence of said *"trip and fall"* which is claimed to have been wholly, solely and exclusively caused by the negligence of the named Defendant(s), NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC., and/or WAL-MART ASSOCIATES, INC., be it individually and/or jointly, by and through its/their agents, servants, staff and/or employees, and/or other persons and/or businesses under it/their control, in the ownership, use, occupancy, operation, supervision, management, maintenance, inspection, repair and/or control of the aforesaid "subject premises", said Plaintiff was needlessly caused to suffer and sustain grave, severe and protracted personal injury to her damage, detriment and loss.

86.     That at all times hereinafter mentioned, Plaintiff, was suddenly and unexpectedly caused to trip, fall and was violently precipitated to the floor after tripping over and upon said dangerous, hazardous, raised steel plate/strip, and as a result and consequence of said accident, she was caused to suffer grave, severe and protracted personal injuries.

87.   That at all times hereinafter mentioned and upon information and belief, the aforesaid accident and personal injury suffered by Plaintiff, was wholly, solely and exclusively caused by the negligence, carelessness, recklessness and other culpable conduct of at least one, if not each and every named Defendant(s), the named Defendant(s), NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC., and/or WAL-MART ASSOCIATES, INC., be it individually and/or jointly, by and through its/their agents, servants, staff and/or employees, and/or other persons and/or businesses under it/their control, in the ownership, use, occupancy, operation, supervision, management, maintenance, inspection, repair and/or control of the aforesaid "subject premises".

88.   The negligent, careless and/or reckless, and/or willful, wanton and/or gross negligence of at least one, if not each and every named Defendant(s), NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC., and/or WAL-MART ASSOCIATES, INC., be it individually and/or jointly, by and through its/their agents, servants, staff and/or employees, and/or other persons and/or businesses under it/their control, was the sole and exclusive cause of the aforesaid "trip and fall" accident at bar along with Plaintiff's resulting personal injuries.

89.   Plaintiff categorically denies having caused or having contributed to having caused the aforesaid accident at bar, or the resulting personal injuries she sustained in any manner, shape or form.

90. That at least one, if not each and every named Defendant(s), NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC., and/or WAL-MART ASSOCIATES, INC., be it individually and/or jointly, by and through its/their agents, servants, staff and/or employees, and/or other persons and/or businesses under it/their control, was negligent, wanton, reckless and careless in, among other things, causing, permitting and allowing the dangerous, hazardous, defective, raised and protruding steel plate/strip to exist and remain on common walking surface, which was known to be available for use by the public at large including the Plaintiff, Defendant's staff, other customers, guests and invitees, for an unreasonable period of time so as to cause and create a dangerous and hazardous condition; in causing, permitting and allowing said dangerous and defective condition to exist and remain at the "subject premises" for an unreasonable amount of time; in failing to ensure that a common walkway free of tripping hazards despite having notice, be it actual and/or constructive, of the existence of the same; in failing to fulfill and comply with a recognized legal duty to keep and maintain a common walkway in a good, safe and reasonable condition; in failing to forewarn Plaintiff and other pedestrians of the existence of the aforesaid dangerous conditions; and Defendant(s) was/were in other ways negligent, careless, reckless, willful, wanton and/or grossly negligent.

91. That at least one, if not each and every named Defendant(s), NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC., and/or WAL-MART ASSOCIATES, INC., be it individually and/or jointly, by and

through its/their agents, servants, staff and/or employees, and/or other persons and/or businesses under it/their control, had actual and/or constructive notice of the aforesaid dangerous, hazardous and/or defective condition in that it had existed for a sufficient length of time prior to the happening of the accident that in the normal and customary exercise of reasonable care and diligence, Defendant(s) could have, and should have detected the same, and thereafter, could have, and should have taken all reasonable and appropriate steps and measures to best detect, correct, repair, abate and remove the same, as the public area represented a trap and nuisance to the public at large, and to Plaintiff herein; in failing to forewarn Plaintiff of said dangerous condition; in failing to rope off, block off, cordon off and otherwise restrict access to said common area; and upon information and belief, Defendant(s), may have created said condition as will be determined.

92.     The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

93.     That by reason of the foregoing, the Plaintiff was caused to sustain grave, severe and protracted personal injuries to her mind and body, some of which, upon information and belief, remain and which are verily suspected as being permanent, including the permanent effects of aches, pain, discomfort, soreness, stiffness, disability; along with diminished and restricted strength and flexibility and partial loss of use of a body function; further, Plaintiff may have been caused to spend diverse sums of money for the purpose of obtaining necessary health care treatment, testing and attention in an effort to alleviate and cure the aches, pain, suffering, limitations and loss of the normal

enjoyments of life which were and which may continue to be experienced by Plaintiff; and that Plaintiff has been and remains partially impaired, incapacitated and disabled from her normal, customary and everyday activities and routines, and upon information and belief, she may verily continue to suffer such losses into the future.

94.    That by reason of the foregoing, the infant Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A LOSS OF CONSORTIUM ON BEHALF OF PLAINTIFF, MICHAEL OLIMPIO

95.    The Plaintiff, MICHAEL OLIMPIO, repeats, reiterates, restates and re-alleges each and every allegation set forth in in the above noted "*First Cause of Action*" with the same force and effect as if more fully set forth herein at length.

96.    The at all times mentioned herein, Plaintiff, MICHAEL OLIMPIO, was, is and remains the lawfully wedded spouse of the injured Plaintiff.

97.    That at all times stated and relevant herein, Plaintiff, MICHAEL OLIMPIO, has and shall continue to remain potentially responsible for the payment of his injured spouse's sundry hospital, medical, diagnostic, therapeutic, pharmaceutical and other health care related bills and expenses.

98.    That at all times stated and relevant herein, Plaintiff, MICHAEL OLIMPIO, is entitled to receive the normal, expected and customary love, companionship, affection, care, company, attention, etc., and he is further entitled to benefit from the assistance of his injured spouse in terms of doing shopping, cooking, cleaning, and other and further household chores, duties and services.

99.   That at all times hereinafter mentioned, Plaintiff, MICHAEL OLIMPIO, has and may in the future become be so deprived of the consortium and various household services that were to be performed, and were expected to be performed by his spouse, the injured Plaintiff.

100.   That by reason of the foregoing, the Plaintiff, MICHAEL OLIMPIO, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

*WHEREFORE*, Plaintiffs demands judgment against the Defendant(s) as follows:

1) In a sum that shall exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction as to the above stated "*First Cause of Action*";

2) In a sum that shall exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction as to the above stated "*Second Cause of Action*"; and

3) Together with all recoverable costs, disbursements and expenses in connection with the prosecution of this civil action for damages against Defendant.

Dated: July 7, 2016
    Middletown, New York

*Stuart W. Mosbacher, Esq.*
SOBO & SOBO, L.L.P.
Attorneys for Plaintiff(s)
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

To:

NEWBURGH WALMART SUPERCENTER STORE NUMBER 2104
*Defendant pro se*
2101 State Route 300
Newburgh, New York 12550

WAL-MART STORES EAST, LP
*Defendant pro se*
c/o Secretary of State
State Street
Albany, New York

WAL-MART REALTY COMPANY
*Defendant pro se*
c/o Secretary of State
State Street
Albany, New York

WAL-MART STORES, INC.
*Defendant pro se*
c/o Secretary of State
State Street
Albany, New York

WAL-MART ASSOCIATES, INC.
*Defendant pro se*
c/o Secretary of State
State Street
Albany, New York

## \* *A T T O R N E Y   V E R I F I C A T I O N* \*

STATE OF NEW YORK   }
CITY OF MIDDLETOWN  }.ss:
COUNTY OF ORANGE    }

I, *Stuart W. Mosbacher, Esq.*, am an attorney duly admitted to practice law in the Courts of the State of New York.

As such, I hereby state that the following statements are truthful and accurate pursuant to the "CPLR" at Sec. 2106 under penalty of perjury:

I am an associated with *the law offices of* **SOBO & SOBO, L.L.P.**, the attorneys for Plaintiff(s) in the within action at bar.

I have duly reviewed the foregoing annexed **COMPLAINT** which was prepared on Plaintiff(s) behalf, and I am verily familiar with the contents of the same.

Based upon my review of relevant documents within my client(s) office file, and/or confidential conversations and/or correspondences with him/her/them, be it directly or indirectly, I can certify that the contents of said document(s) is/are truthful and accurate to the best of my knowledge, information and belief, except for those matters which have been alleged on information and belief, and that as to such claims, I verily believe the same to be truthful as well.

Be advised that the only reason this verification was made by the undersigned, as attorney of record, instead of furnishing one by our client(s) is because he/she/they live(s) and reside(s) outside the geographic borders of Orange and Dutchess Counties, State of New York, where my law firm maintain offices for the practice of law.

Dated: July 7, 2016
        Middletown, New York

*Stuart W. Mosbacher, Esq.*
**SOBO & SOBO, L.L.P.**
Attorneys for Plaintiff(s)
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

WM 16-260 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
DARLENE MELANSON-OLIMPIO and                            **Index No.: 004389/16**
MICHAEL OLIMPIO,

Plaintiffs,

-against-                                              **VERIFIED ANSWER**

NEWBURGH WAL-MART SUPERCENTER STORE
NUMBER 2104, WAL-MART STORES EAST, LP,
WAL-MART REALTY COMPANY, WAL-MART
STORES, INC. and WAL-MART ASSOCIATES, INC.,

Defendants.
------------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP i/s/h/a "NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.", by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

### AS TO THE FIRST CAUSE OF ACTION

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "1", and "2", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraphs marked "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73",

"74", "75", "76", "77", "78", "79", "80", "81", and "82", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York, is a sublessee of that portion of the premises at 1201 Route 300, Newburgh, New York comprising the Newburgh Wal-Mart, and is the operator of the Newburgh Wal-Mart, and leaving all other questions to the Court.

THIRD: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "83", and "84", and each and every part thereof.

FOURTH: Defendant denies the allegations set forth in paragraphs marked "85", "86", "87", and "88", and each and every part thereof.

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "89", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraphs marked "90", and "91", and each and every part thereof.

SEVENTH: Defendant denies the allegations set forth in paragraph marked "92", and respectfully refers all questions of law to the trial Court.

EIGHTH: Defendant denies the allegations set forth in paragraphs marked "93", and "94", and each and every part thereof.

## AS TO THE SECOND CAUSE OF ACTION

NINTH: Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "94", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "95", and each and every part thereof.

TENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "96", "97", "98", and "99", and each and every part thereof.

ELEVENTH: Defendant denies the allegations set forth in paragraph marked "100", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff, DARLENE MELANSON-OLIMPIO, was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiffs, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiffs bear to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH:  In the event that plaintiffs recover judgment against this answering defendant and it is determined that plaintiffs' damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH:  Plaintiffs' recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "NEWBURGH WAL-MART SUPERCENTER STORE NUMBER 2104, WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, WAL-MART STORES, INC. and WAL-MART ASSOCIATES,

INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       July 27, 2016

                    Yours, etc.

                    BRODY, O'CONNOR & O'CONNOR, ESQS.
                    Attorneys for Defendant

By: _____
                    PATRICIA A. O'CONNOR
                    7 Bayview Avenue
                    Northport, New York 11768
                    (631) 261-7778
                    File No.: WM 16-260 PO

TO:    SOBO & SOBO, LLP
        Attorneys for Plaintiffs
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       July 27, 2016

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
                           ) ss:
COUNTY OF SUFFOLK )

         DEBRA SANACORA, being duly sworn, deposes and says:

         That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

         That on the 29 day of July, 2016, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

         SOBO & SOBO, LLP
         Attorneys for Plaintiffs
         One Dolson Avenue
         Middletown, New York 10940
         (845) 343-0466

         The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                DEBRA SANACORA

Sworn to before me this
29 day of July, 2016.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. UH6098655
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/6/20 18

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF SUFFOLK    )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 10 day of November, 2016, deponent served the within NOTICE OF REMOVAL

UPON:

SOBO & SOBO, LLP
Attorneys for Plaintiffs
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
10 day of November, 2016.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO.
QUALIF          COUNTY
COMMISSION           18