USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARLENE MELANSON-OLIMPIO,

                Plaintiff,

-against-

WAL-MART STORES EAST, LP,

                Defendant.

No. 16 Civ. 8735 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Darlene Melanson-Olimpio brings this action against Defendant Wal-Mart Stores East, LP asserting claims for damages arising out of a slip and fall incident at a Wal-Mart location in Newburgh, New York.

Presently before this Court is Defendant's motion for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56. (ECF No. 24.) For the reasons discussed below, the motion for summary judgment is GRANTED.

## BACKGROUND

The following facts derive from the Parties' 56.1 submissions and the record and are undisputed unless otherwise noted.

On December 6, 2014, Plaintiff Melanson-Olimpio arrived at the Newburgh Wal-Mart store, a store she had patronized more than once a week for eight years. (Pl.'s 56.1 ¶¶ 1 & 20 ECF No. 23-1.) Before entering the main store, Plaintiff paused in the vestibule to wipe her feet on the matting covering the entire vestibule floor because there was precipitation outside.[1] (Id.

---

[1] Defendant asserts that it was "misting" while Plaintiff testified that it was misting at the time she entered the store and that it was "sleeting" at some other point in the day. (Def.'s 56.1 ¶ 22, ECF No. 26); (Pl. Tr. 42:16 – 20, ECF No. 24-5.)

1

¶¶ 22 – 23.) Her clothes were damp from the precipitation. (*Id.* ¶ 24.) Plaintiff observed that there was not "much of a crowd" in the store. (*Id.* ¶ 25.) After walking into the store from the vestibule, Plaintiff fell in the area of a metal plate which separated white from brown tiles and sustained personal injuries. (*Id.* ¶¶ 1 – 2 & 30.) Plaintiff alleges that she tripped and fell on a raised portion of the metal plate and that there were five ridges on the plate each rising up about half an inch. (*Id.* ¶¶ 2 & 30); (Pl. Tr. 53:10 – 12, ECF No. 25-4.) At her deposition, however, Plaintiff testified that she slipped and fell and that her foot slipped because it was "a little wet." (Pl.'s 56.1 ¶¶ 7 – 9); (Pl. Tr. 66:8 – 11.) Parties dispute whether the trip or slip ultimately caused Plaintiff to fall.

Jeremy Santos, a former Wal-Mart employee, testified that he witnessed the accident. (Pl.'s 56.1 ¶¶ 36 – 38.) According to Santos, one of Plaintiff's feet was already over the metal plate and her other foot was on the metal plate when she fell. (*Id.* ¶ 39.) At the scene of the accident, after Plaintiff fell, Santos observed water on the floor that was more than a couple of drops but less than a puddle. (*Id.* ¶¶ 41 & 42.) Santos testified that he was not aware of anyone else falling in that area and that in his year and a half at Wal-Mart, he had never observed anyone else fall by the metal plate. (*Id.* ¶¶ 47 & 48.) Additionally, Santos testified that the metal plate was basically the same level on both sides of the tile. (*Id.* ¶ 46.) Mustafa Obeidat, the present assistant manager of the Newburgh Wal-Mart location, also testified about the metal plate. (*Id.* ¶ 32.) According to Obeidat, the metal plate was both glued and screwed to the store floor. (*Id.* ¶ 34.)

Plaintiff filed the instant action on July 7, 2016 in the New York Supreme Court County of Orange. (Complaint, ECF No. 3.) The matter was removed to the Southern District of New

York on November 10, 2016 based on diversity jurisdiction. (ECF No. 3.) Defendant filed the motion for summary judgment on Plaintiff's claims on April 19, 2018. (ECF No. 24.)

**LEGAL STANDARD**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] . . . affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact.*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). A fact is material if a dispute over that fact could impact the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Id.* (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258. Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). "Statements that are devoid of any specifics, but replete with conclusions, are

3

insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotations and citations omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (noting that such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"). However, the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. If the Court finds that one party to a case has "no real support for its version of the facts," a motion for summary judgment should be granted. *Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494, 498 (2d Cir. 1962).

## DISCUSSION

### I. Negligence Standard Under New York Law

On a summary judgment motion in an action for negligence, "the plaintiff must introduce adequate evidence on each element of negligence sufficient to support a favorable jury verdict[, and] . . . in cases where proof of any essential element falls short the case should go no further.' " *Stanton v. Manhattan E. Suite Hotels,* No. 01-CV-2394, 2002 WL 31641127, at *2 (S.D.N.Y. Nov. 22, 2002) (internal quotation marks omitted) (quoting *Basso v. Miller,* 40 N.Y.2d 233, 242 (1976)). Under New York law, to demonstrate a *prima facie* case of negligence, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) an injury resulted from the breach. *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 286 (2d Cir. 2006); *see also Cusack v. Peter Luger, Inc.,* 909 N.Y.S.2d 532, 533 (N.Y. App. Div. 2d Dep't 2010).

"With respect to a motion for summary judgment in a slip-and-fall case, 'the plaintiff must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition.' " *Gonzalez v. Kmart Inc.,* No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016) (quoting *Lionel v. Target Corp.,* 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014)). "Summary judgment for the defendant . . . is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury." *Hassan v. Whole Foods Mkt. Grp., Inc.,* No. 13-CV-6345(LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016); *see, e.g., Decker v. Middletown Walmart Supercenter Store,* No. 15-CV-2886(JCM), 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) ("[T]here is no evidence that Defendant created the condition, and [the p]laintiff has not pointed to any circumstantial

evidence that would create [such] an inference."); *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *7 (E.D.N.Y. June 8, 2016) (holding that a reasonable jury could not conclude that the defendant had actual or constructive notice of the spill allegedly causing the plaintiff's injury since there was no way to determine duration of hazard based on the evidence presented).

Plaintiffs need not show direct evidence in support of each element, but instead, " '[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.' " *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 747 (S.D.N.Y. 1996) (quoting *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 67 N.Y.2d 743, 744 (1986)).

The first element of a *prima facie* case for negligence is not the issue; the dispute is over whether Defendant breached a duty owed to Plaintiff. Defendant argues that Plaintiff cannot show any evidence that Defendant either created the dangerous condition or had actual or constructive notice of the condition and that summary judgment should therefore be granted in its favor.

## II. Identifying the Dangerous Condition

There is some confusion as to specifically what constituted the dangerous condition which caused Plaintiff to fall. In the Complaint, Plaintiff alleges that she fell when "one of her feet struck a raised portion of said four-inch-wide metal plate," and Plaintiff identified the "raised" plate as the cause of her fall. (Complaint ¶ 85 – 86.) However, in her deposition, Plaintiff indicated that she slipped on liquid before falling. (Pl.'s 56.1 ¶¶ 4 – 9.) Plaintiff testified that she slipped because it was "a little wet" and that after her foot slid, it got "stuck,"

then she fell. (Pl. Tr. 66:8 – 11.) Plaintiff could not identify what caused her foot to be stuck. (*Id.* 66:8 – 22.)

Defendant notes that Plaintiff does not address the metal plate itself as the dangerous condition in her opposition to Defendant's motion for summary judgment. (Def.'s Reply Mem. of Law p. 2, ECF No. 22.) Rather, Plaintiff's opposition focuses on the existence of liquid around the metal plate. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. p. 4, ECF No. 23-2 ("The evidence is uncontroverted that there existed a defective condition . . . water collected on the metal plate . . . .")). Plaintiff does not argue that the allegedly defective plate itself was a visible and apparent hazard existing for sufficient time for Defendant to notice and address the issue but instead contends that the liquid on and around the plate was visible and apparent and present for sufficient time. (*Id.* pp. 5 – 7.) Based on the record and Parties' submissions on this motion for summary judgment, the Court finds that the hazardous condition was the alleged presence of water on and around the plate. Any claim that the plate itself constituted a separate hazardous condition, to the extent that such a claim exists, is deemed to be abandoned. *See Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016); *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).

### III. Creation of or Actual Notice of the Dangerous Condition

In her opposition to Defendant's motion for summary judgment, Plaintiff does not offer any evidence or otherwise argue that Defendant created the dangerous conditions or had actual notice of the hazard before Plaintiff's accident. The Court may dismiss as abandoned claims that are unaddressed in Plaintiff's opposition. *See Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that

7

response 'may be deemed an abandonment of the unmentioned claims.'" (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014))). Thus, the Court considers any arguments about the creation of the hazard and actual notice to be abandoned.

Moreover, assuming the Court did not deem those claims to be abandoned, they would still fail. There is no evidence that Defendant spilled water in the area or caused the metal plate to be raised or particularly slippery, and Defendant had not received complaints about the metal plate or water on the floor in the area of the accident prior to Plaintiff's fall. *See Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (noting that for actual notice, a plaintiff must prove that the defendants were in fact aware of the dangerous condition); *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (stating that receipt of complaints or prior accidents relating to the dangerous condition would suggest that a defendant had actual notice of that condition). From this dearth of evidence, a reasonable juror could not find that Defendant created or had actual notice of the specific hazard causing Plaintiff's fall.

Because Plaintiff does not argue that Defendant created or had actual notice of the allegedly dangerous conditions and because there is no evidence in the record to support those theories, the Court will address whether Defendant had constructive notice.

### IV. Constructive Notice

For a defendant to have had constructive notice in a slip and fall case, the defect causing the fall must have been "visible and apparent" and have existed for enough time before the accident for the defendant's employees to have discovered and remedied it. *Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003); *Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986). A defendant may also be deemed to have constructive notice if it had

actual notice of a recurring issue in the location where the accident occurred. *Tuthill*, 270 F. Supp. 2d at 400.

### A. Visible and Apparent

Defendant argues that there was no visible and apparent condition. There is no evidence that there was water on the floor prior to Plaintiff's fall and Plaintiff did not observe water on the floor before her accident. Additionally, the metal plate Plaintiff allegedly slipped into was flush with both sides of the floor. Plaintiff, on the other hand, claims that there is an issue of fact as to whether there was water on the floor prior to the accident.

However, Plaintiff is unable to cite to any evidence that there was water on the floor in the area of the accident prior to Plaintiff's fall. Plaintiff argues that the rain outside coupled with Santos's and Plaintiff's testimonies create an issue of fact as to whether there was water on the metal plate before Plaintiff's accident. Specifically, Santos testified that he observed a small amount of water in the area after Plaintiff fell, as if "somebody spilled . . . a little bit of water from a water bottle." (Santos Tr. 24:3 – 7, ECF No. 25-8.) He also testified about his general impressions of the accident area: "If you're walking and . . . your feet are wet or if it's wet on the metal bar and you walk on it, you're going to fall down." (*Id.* 30:22 – 25.) Plaintiff testified that she observed that the metal plate was muddy after she fell. (Pl. Tr. 67:15 – 23.) None of this, together or separately, amounts to evidence from which a reasonable factfinder could conclude that there was water on the metal plate before Plaintiff's accident.

First, the mere fact that it was, as Plaintiff testified, misting outside of the store is not enough to show that the metal plate or surrounding floor were wet. (Pl. Tr. 36:2 – 6; 42:16 – 22.) Courts have held that the fact that that a surface has been exposed to rain is insufficient to establish that the condictio is dangerous. *Joseph v. N.Y. City Transit Auth.*, 888 N.Y.S.2d 533,

534 (N.Y. App. Div. 2d Dep't 2009); *Medina v. Sears, Roebuck & Co.*, 839 N.Y.S.2d 162, 164, (N.Y. App. Div. 2d Dep't 2007) ("The mere fact that the ramp became wet from the rain was insufficient to establish the existence of a dangerous condition."). Here, the allegation is not that Defendant's floor was directly exposed to rain, but that rainwater was tracked into the store. There was a wall-to-wall carpet to absorb water in the store vestibule, and Plaintiff herself testified that although she had no umbrella, her clothes were merely damp, not wet, from the precipitation when she arrived at the store. (Pl. Tr. 35:24 – 25; 42:12 – 15.) There is no evidence in the record of water being tracked into the store beyond the small amount of water on the floor observed by Santos and Plaintiff after Plaintiff fell. (*Id.* 67:24 – 25; 68:2); (Santos Tr. 24:13 – 17.) Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could not find that there was water on or near the metal plate just because there was precipitation outside.

Second, Santos, who witnessed the accident, did not observe water on the floor prior to Plaintiff's accident. He testified that he only noticed the small amount of water around the accident area after Plaintiff fell. (Santos Tr. 23:17 – 23; 24:3 – 8, 13 – 17.) Observations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident. "[T]he legally meaningful time to notice a defective condition is *before* an accident, not after." *Henry v. Target Corp.*, No. 16-CV-8416(JPO), 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018); *see Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986) (holding that the defendant was not on constructive notice because there was no evidence that the defendant or anyone else observed the dangerous condition before the plaintiff's fall). Santos's other statement, that the metal plate was generally slippery when wet, is likewise not evidence that the metal plate or surrounding area were wet before Plaintiff fell. The statement merely

represents Santos's subjective speculation and is not an observation about the condition of the plate on December 6, 2014 before or at the time of the accident. Plaintiff may not rely on unsubstantiated speculation to create a dispute of material fact. *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

Third, Plaintiff did not observe water in the accident area prior to her fall, either, but only testified that she saw mud on the mud on the metal plate after the fact. Plaintiff testified that she did not see mud or water in the area before she fell, but that after she fell she saw on the metal plate "[n]ot too much [of a muddy surface], just like a slide from a shoe." (Pl. Tr. 67:15 – 25; 68:2.) Plaintiff agreed that the muddy mark she observed was similar to a slide mark that was created by her own foot. (*Id.* 69:16 – 19.) "Courts in the Second Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall." *Watts v. Wal-Mart Stores East, LP*, No. 16-CV-4411(KMK), 2018 WL 1626169, at *5 (S.D.N.Y. Sept. 10, 2018). Regardless, Plaintiff's testimony fails to demonstrate that the condition was visible and apparent for the reasons discussed above; it is not evidence that there was water in the area prior to her accident.

The evidence Plaintiff presents to show that the condition was visible and apparent amounts to evidence that there was liquid or mud on the floor after Plaintiff fell, and this is not enough to create a genuine dispute of fact as to whether there was water on the metal plate prior to the accident. "The mere existence of a liquid substance on the sidewalk where the accident allegedly took place does not establish constructive notice." *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992). For the reasons discussed above, considering all of the

evidence in the light most favorable to Plaintiff, a reasonable factfinder could not determine that any liquid on the floor prior to Plaintiff's fall was visible and apparent prior to the accident.

**B. Existence for a Sufficient Time**

Because reasonable factfinders could not determine that the condition was visible and apparent prior to the accident, it follows that they also could not determine that there was sufficient time for Defendant to have discovered and remedied the condition. Even supposing that the condition had been visible and apparent, there is no evidence in the record to show how long there was liquid around or on the metal plate before Plaintiff fell. Plaintiff herself testified that she did not know how long the liquid had been there. (Pl. Tr. 69:20 – 24.)

In the absence of evidence as to the duration of time the liquid had been on the floor, a reasonable jury could not conclude that it had been on the floor for enough time before the accident to permit Defendant's employees to discover and remedy it. *See Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 323 (E.D.N.Y. 2014) (granting summary judgment for the defendant because there was "no evidence establishing a time frame for how long the lid could have been on the floor"); *Hammond-Warner v. United States*, 797 F. Supp. 207, 212 (E.D.N.Y. 1992) (granting summary judgment because there was no evidence regarding the length of time the condition existed prior to the accident, meaning that the plaintiff could not establish constructive notice).

**C. Actual Notice of a Recurring Issue in the Accident Location**

Plaintiff argues Defendant had constructive notice that the metal plate and surrounding area was a dangerous condition when wet based on Santos's testimony that "[i]f you're walking and . . . your feet are wet or if it's wet on the metal bar and you walk on it, you're going to fall down." (Santos Tr. 30:22 – 25.) Santos also testified that it was raining on the day of the accident which typically caused water to "drip[ ] all over the floor" and he "guess[ed] that that's

why she fell down." (*Id.* 10:13 – 17.) However, a reasonable jury could not conclude that this testimony was evidence that Defendant had actual notice that the metal plate, when wet, was a dangerous condition.

Santos's testimony amounts to mere speculation about the cause of Plaintiff's accident and that someone with wet feet would fall while walking on the metal plate. In *Silverman v. United States*, the plaintiff was injured when he slipped and fell on ice by a post office. No. 04-CV-5647(ETB), 2008 WL 1827920, at *1 (E.D.N.Y. Mar. 28, 2008). A post office employee testified that melting snow from underneath parked cars "probably froze up" and caused the hazardous condition on the sidewalk in front of the post office. *Id.* at *16. The court found that this testimony was mere speculation and did not show that Defendant had notice of any recurring problem. *Id.* Similar to the testimony of the employee in *Silverman*, Santos's testimony was not about any of his actual observations surrounding the actual accident or the condition of the scene of the fall. Like a statement about what "probably" happened, Santos's "guess" was mere conjecture about the cause of Plaintiff's accident and conditions in the store. Despite his statement about water generally dripping on the floor in the rain, Santos testified that he did not see water on the floor around the metal plate before Plaintiff fell. (Santos Tr. 24:13 – 17.) Additionally, Santos's musings about the general slipperiness of the metal plate when wet were not based on knowledge of a recurring issue. He testified that he had never observed anyone fall in the area of the metal plate and that he did not know of anyone else that fell in that area. (*Id.* 31:16 – 23.)

The speculation of an employee is not enough to show that there was a recurring dangerous condition of which Defendant should have been aware. *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010); *cf. Cobb v. Indus Ltd. P'ship*, No. 98-CV-3549(JG), 1999

WL 115441, at *4 (E.D.N.Y. Jan. 11, 1999) (holding that the plaintiff failed to establish that puddles of urine were a recurring dangerous condition because the only evidence to support this theory was testimony from the plaintiff and her boyfriend that a urine stench pervaded the accident area for months prior to the accident); *Batista v. KFC Nat'l Mgmt. Co.*, 801 N.Y.S.2d 336, 337 (N.Y. App. Div. 2d Dep't 2005) (affirming the lower court's denial of the defendant's motion for summary judgment because an employee of the defendant testified that her personal daily inspection of the premises "frequently revealed the presence of wood chips" on the sidewalk and the plaintiff presented sufficient evidence that the wood chips came from the defendant's property).

Moreover, even supposing that Defendant was aware that water on the floor was a recurring condition during inclement weather, "proof that the defendants were aware of this general condition would not be sufficient to establish constructive notice of the particular wet condition which allegedly caused the plaintiff to slip and fall." *Pinto v. Metropolitan Opera*, 877 N.Y.S.2d 470, 471 (N.Y. App. Div. 2d Dep't 2009); *see, e.g.*, *Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006) (noting that the record "at most establishes that defendants had a 'general awareness' " of the dangerous condition and that this was insufficient to establish that it was recurring and that the defendants had constructive notice); *Bogery v. United States*, No. 17-CV-6996(VEC), 2018 WL 4265901, at *6 (S.D.N.Y. Sept. 6, 2018); *Piacquadio v. Recine Realty Corp.*, 622 N.Y.S.2d 493, 494 (1994) ("[A] 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall."); *Perlongo v. Park City 3 & 4 Apartments, Inc.*, 818 N.Y.S.2d 158, 160 (N.Y. App. Div. 2d Dep't 2006) ("[T]he deposition testimony of the defendants' employees established, at most, that the defendants had a general awareness that water might be tracked into

the vestibule when it rained. Such a general awareness is insufficient to impute constructive notice of a particular dangerous condition to the defendants.").

Plaintiff has presented no evidence from which it can be reasonably inferred, or a reasonable jury can find, that Defendant had even constructive notice of the hazard before Plaintiff's injury. Accordingly, summary judgment for Defendant is warranted. *See Hassan v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-6345(LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24 and to enter judgment in favor of Defendant.

Dated: March 6, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge